IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEEE
WESTERN DIVISION

---

KEVIN SOMERVILLE,

    Plaintiff,

v.                                       Case No. _____

SIEGEL-ROBERT, INC.,

    Defendant.

---

**NOTICE OF REMOVAL**

---

    Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Siegel-Robert, Inc. ("SRI" or "Defendant") hereby removes the matter of *Kevin Somerville v. Siegel-Robert, Inc.*, Case No. 6790, from the Circuit Court of Tennessee for the Twenty-Fifth Judicial District at Ripley to the United States District Court for the Western District of Tennessee, Western Division.  As grounds for removal, SRI states as follows:

    1.    On October 9, 2014, SRI received a Summons and Complaint from Plaintiff. (Copy of Summons and Complaint attached as Exhibit 1).  As required by 28 U.S.C. § 1446(a), the foregoing documents constitute all process, pleadings, and orders served upon SRI.

**Jurisdiction Based on Diversity of Citizenship**

    2.    In his Complaint, Plaintiff alleges that SRI unlawfully terminated his employment in retaliation for filing a workers' compensation claim. (Complaint, ¶ 7).  He seeks, in relevant part, compensatory damages of $100,000, punitive damages of $300,000, and back pay and benefits. (Complaint, Prayer for Relief).

3. Plaintiff alleges that he is a resident and citizen of Covington, Tipton County, Tennessee. (Complaint, ¶ 1).

4. SRI is a foreign corporation, which is incorporated in Nevada and maintains its principal place of business in 2300 Harmon Road, Auburn Hills, Michigan 48326-1714. (Copy of SRI's Filing Information from Tennessee Secretary of State's website attached as Exhibit 2).

5. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a), as the Parties are citizens of different States and the amount in controversy exceeds $75,000.

6. The removal of this matter is not precluded by 28 U.S.C. § 1445(c) because workers' compensation retaliation claims in Tennessee do not arise under the state's workers' compensation laws. *See Nixon v. Waste Management, Inc.*, 156 Fed. Appx. 784, 787 (6th Cir. 2005); *Brasfield v. Martinrea Fabco Automotive Structures (USA), Inc.*, 2013 U.S. Dist. LEXIS 47818, at *7-8 (M.D. Tenn. Apr. 1, 2013).

7. This Notice of Removal is filed in a timely manner, as it is filed within 30 days after service of the Summons and Complaint upon SRI. 28 U.S.C. § 1446(b).

8. The instant action is one that may be removed to and adjudicated by this Court pursuant to 28 U.S.C. § 1441(a) because the State Circuit Court in which this action was commenced is within this Court's district and division. Venue is proper in this Court, as the acts and omissions alleged in the Complaint occurred in this federal judicial district.

9. SRI will give written notice of the filing of this Notice of Removal to Plaintiff as required by 28 U.S.C. § 1446(d). A copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Tennessee for the Twenty-Fifth Judicial District at Ripley, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant removes this action to the United States District Court for the Western District of Tennessee, Western Division.

Respectfully submitted,

/s/ R. Alex Boals
Paul E. Prather (TN Bar No. 10089)
R. Alex Boals (TN Bar No. 22682)
LITTLER MENDELSON, P.C.
3725 Champion Hills Drive, Suite 3000
Memphis, Tennessee 38125
Phone: (901) 795-6695
pprather@littler.com
aboals@littler.com

ATTORNEYS FOR DEFENDANT
SIEGEL-ROBERT, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served via U.S. Mail, postage prepaid, upon the following this 6th day of November 2014:

Christopher L. Taylor
Taylor & Toon, PLLC
191 Jefferson Avenue
Memphis, Tennessee 38103

/s/ R. Alex Boals