# COPY
## STATE OF TENNESSEE
### CIRCUIT COURT OF LAUDERDALE COUNTY AT RIPLEY

KEVIN SOMERVILLE,
Plaintiff,

Civil Action No. 6790

vs.

SIEGEL-ROBERT, INC.,
Defendant.

Summons:
TO BE SERVED ON:
CT Corporation
800 S. Gay Street, Ste. 2021
Knoxville, TN 37929-9710

**To the above-named Defendant(s):**

You are hereby summoned and required to serve upon Christopher L. Taylor, Plaintiff's attorney, whose address is Taylor & Toon, PLLC, 191 Jefferson Avenue, Memphis, Tennessee 38103, (901) 333-8200, an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Witness, _Richard Jennings_, Clerk of said Court, at office on the _29th_ in _September_ A.D., 20_14_.

_Richard Jennings_
Clerk

By: _S. Robson_
Deputy Clerk

---

To the Defendant(s)
Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary, how-ever, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. (T.C.A. § 26-2-114)

## RETURN OF SERVICE ON SUMMONS

I hereby certify and return, that on the____day of__OCT 0 9 2014__, 2014, I served this summons together with a copy of the complaint herein as follows:

_Siegel Robert Inc._

LINDSEY ROWLAND

W C Bryant / #B1864
Name of Server
Assistant to

**EXHIBIT 1**

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY
AT RIPLEY

| | |
|---|---|
| KEVIN SOMERVILLE, | * |
| Plaintiff, | * |
| VS. | * No. 6790 |
| SIEGEL-ROBERT, INC.. | * |
| Defendant. | * |

**FILED**
SEP 29 2014
RICHARD JENNINGS
CIRCUIT COURT CLERK

### RETALIATORY DISCHARGE COMPLAINT

The plaintiff, Kevin Somerville, would respectfully show to the Court as follows:

#### JURISDICTION AND VENUE

1. The plaintiff, Kevin Somerville, is a resident and citizen of Covington, Tipton County, Tennessee.

2. The defendant, Siegel-Robert, Inc., is a foreign corporation licensed to do business and is doing business in the State of Tennessee with its offices located at Ripley, Lauderdale County, Tennessee. This defendant may be served with process by delivering a copy of the complaint and summons to its registered agent, C T Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710

3. During the years of 2010-2014, Plaintiff was an employee of the Defendant as a Racker.

4. On or about February 8, 2013, the plaintiff sustained an injury by accident, arising out

of and in the course and scope of his employment with defendant. As a result of the injury, plaintiff asserted a claim under the Workers' Compensation Law of Tennessee for benefits against the defendant.

5. Following the work injury, plaintiff was performing his duties as a Racker. However, he was required to attend doctors appointments for his work injury. After several visits, Mr. Somerville was harassed about his attendance.

6. Ultimately, Mr. Somerville requested vacation time off. He was approved for his vacation. However, the defendant fired him for taking that time off.

7. Plaintiff avers that his termination by defendant was substantially, if not solely, motivated by her assertion of her workers' compensation claims. Such action by the defendant was a violation of the public policy of Tennessee as embodied in the Tennessee Workers' Compensation Act and was a retaliation for plaintiff's assertion of his legal rights.

8. At the time of plaintiff's termination, he was earning approximately $14.27 per hour, and he was provided certain benefits by the defendant. **While he has searched for a new job for several months, plaintiff, has been unable to find employment.**

9. Plaintiff has performed all conditions prior to the maintenance of this action.

10. As a result of plaintiff's retaliatory discharge by the defendant, plaintiff has lost and will continue to lose salary, opportunities for advancement, and employee benefits which he would have earned had he been allowed to continue his employment with the defendant. Defendant is liable to the plaintiff for such losses and damages.

11. Defendant should be ordered to reinstate the plaintiff at his former position with the defendant, with a salary and any increases which would have been given to plaintiff or one in similar

position of the plaintiff, together with all employee benefits, and defendant should be ordered to pay as damages the difference in earnings and the value of the fringe benefits lost by the plaintiff as a result of his wrongful discharge.

12. In the alternative, if the court finds reinstatement to his formal position is not feasible, plaintiff states that he is entitled to front pay to compensate his for the loss of salary in the future and the value of fringe benefits and advancement opportunities in the future.

## PRAYER FOR RELIEF

**WHEREFORE, PLAINTIFF SEEKS JUDGMENT AS FOLLOWS:**

a. Damages for lost wages (back pay) and the value of all employee benefits which he lost from the date of defendant's retaliatory discharge of his;

b. That the court issue an injunction requiring that the defendant rehire plaintiff at his former position or in an equivalent job with all employment rights and benefits to which he would have been entitled but for his termination, or in the alternative, to award plaintiff front pay benefits in lieu of reinstatement;

c. Compensatory Damages of $100,000.00. Punitive damages of $300,000.00 as a result of the defendant's wrongful conduct;

d. Such further legal or equitable relief to which he may be entitled.

Plaintiff requests a trial by jury in this matter.

Respectfully submitted,

TAYLOR & TOON, PLLC.

_____
CHRISTOPHER L. TAYLOR BPR#18246
Attorney for Plaintiff
191 Jefferson Avenue
Memphis, Tennessee 38103
901/333-8200

### COST BOND

We hereby acknowledge ourselves as sureties in this cause for costs not to exceed $500.00.

TAYLOR & TOON, PLLC.

_____
CHRISTOPHER L. TAYLOR